FILED
SUPERIOR COURT
OF GUAM

2024 AUG 20 AM 11: 25

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DOREEN REYES ROMERO,<br><br>                              Plaintiff,<br><br>vs.<br><br>MARIO LYNN ROMERO,<br><br>                              Defendant. | Domestic Case No. DM0458-20<br><br>**DECISION AND ORDER**<br>**(Motion to Enforce Settlement)** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on June 18, 2024, for a Motion Hearing on Doreen Reyes Romero's ("Plaintiff's") Motion to Enforce Settlement. The proposed settlement pertains to Plaintiff's ex-husband, Mario Lynn Romero ("Defendant."). Attorney Jeffrey A. Cook ("Cook") appeared for Plaintiff. Attorney William Gavras ("Gavras") appeared for Defendant. Based on the relevant law and authorities the Court now issues the following decision and order **DENYING** Plaintiff's Motion to Enforce Settlement.

## BACKGROUND

On December 30, 2020, Plaintiff filed a complaint for divorce from Defendant. Compl. for Divorce. (Dec. 30, 2020). On January 13, 2023, the parties agreed to direct the matter to a settlement judge, and, on January 17, 2023, the matter was assigned to the Honorable Linda L. Ingles for settlement conference. Points & Auths. in Supp. of Mot. to Enforce Settlement at 1,

(Apr. 15, 2024). The parties then had several settlement conferences with Judge Ingles on February 14, 2023; March 3, 2023; March 10, 2023; and May 4, 2023; and another settlement conference scheduled for June 5, 2023. *Id.* Plaintiff claims that Defendant offered to settle for the amount of $6,000.00 during the March 3, 2023, conference. *Id.* at 2. Following the settlement conferences, a negotiation between parties took place over several months. On June 2, 2023, during negations, tis matter was assigned to this court. Notice of J. Assignment (June 2, 2023).

The relevant facts regarding the negotiation are as follows:

1. On May 9, 2023, Plaintiff sent Defendant an email agreeing to settle the matter for $6,000.00, the amount allegedly offered by Defendant during the March 3, 2023, conference. *Id.* at "Exhibit A."

2. On June 2, 2023, Defendant submitted their Notice to Court of Expected Settlement and Request to Vacate Settlement Conference; and Order. *Id.* at 2. The Settlement Conference scheduled for June 5, 2023, was vacated and the Order was filed on June 12, 2023. Notice to Ct. of Expected Settlement & Request to Vacate Settlement Conf. (June 12, 2023).

3. On July 19, 2023, Plaintiff sent Defendant a draft for Stipulated Interlocutory and Final Decrees of Divorce, which contained the terms allegedly agree to during the conference. Points & Auths. in Supp. of Mot. to Enforce Settlement at 2 and 5, "Exhibit B", (Apr. 15, 2024).

4. On November 9, 2023, Defendant allegedly requested that Plaintiff change the grounds for divorce to irreconcilable differences. *Id.* at 2.

5. On January 22, 2024, Plaintiff emailed Defendant with what they maintain was an agreement to Defendant's requested change to irreconcilable differences. *Id.* at 2. The email reads: "To get this matter closed, my client is agreeable to the grounds of

irreconcilable differences if Mr. Romero will pay what was agreed upon and sign the decree by the end of the month." Opp'n to Pl.'s Mot. to Enforce Settlement. at 6 (May 10, 2024).

6. On January 31, 2024, and February 7, 2024, Plaintiff claims they conversed with Defendant, and it was their understanding that "Defendant was not responding to his attorney." Points & Auths. in Supp. of Mot. to Enforce Settlement at 3, (Apr. 15, 2024).

7. On April 15, 2024, Plaintiff filed their Motion to Enforce Settlement. *Id.* On May 10, 2024, Defendant filed their Opposition. Opp'n to Pl.'s Mot. to Enforce Settlement (May 10, 2024). On June 4, 2024, Plaintiff filed their Reply. Pl.'s Reply to Def.'s Opp'n to Mot. to Enforce Settlement (June 14, 2024). On June 18th, after a Motion Hearing, this Court took the matter under advisement.

## DISCUSSION

Generally, "[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Sharrock v. McCoy*, 2016 Guam 7, at 77 (quoting *United States v. Hardage*, 982 F.2d 1491. 1496 (10th Cir. 1993)). The parties must be allowed an evidentiary hearing "if material facts regarding 'the existence or terms of an agreement to settle are in dispute.'" *Id.*; *See also Mass. Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972) ("[W]here material facts concerning the existence of an agreement to settle are in dispute, the entry of an order enforcing an alleged settlement agreement without a plenary hearing is improper.").

Guam courts apply contract principles when interpreting a settlement agreement. *Blas v. Cruz*, 2009 Guam 12 at 11. There are three recognized elements of a contract: (1) an offer, (2) an acceptance, and (3) consideration. *Id.* (quoting *Mobil Oil Guam, Inc. v. Tendido*, 2004 Guam

7 at 34). Additionally, there must be "mutual assent to the terms essential to the formation of a contract." *Id.* In order to satisfy their burden in establishing the existence of a contract a party must show "an offer encompassing all essential terms, unequivocal acceptance by the offeree, consideration, and an intent to be bound." *Id.* (citations omitted). In determining whether an acceptance exists, the *Blas* court held that:

> It is hornbook law that, to ensure mutual consent of the parties to an offer, an offer must be mirrored by its acceptance to create a binding contract. Because the offeror is entitled to receive what it has bargained for, if a purported acceptance includes additional terms to which the offeror did not assent, the consequence is not merely that the addition is not binding and that no contract is formed, but that the offer is rejected, and that the offeree's power of acceptance thereafter is terminated.
>
> *Id.* at 19 (citing *Benya v. Stevens & Thompson Paper Co., Inc.*, 468 A.2d 929, 931 (Vt.1983) (internal citations omitted)).

The court in Blas refused to find an acceptance since the settlement draft did not mirror the initial offer but rather added new terms not in the offer. *Id.*

### A. Was a settlement agreement entered into by the litigants in this case?

The Court answers this question in the negative. Defendant contends that "Plaintiff seems to assert that Defendant accepted an outstanding offer. However, while Plaintiff did make an offer, that offer was refused, thus extinguishing the offer." Opp'n to Pl.'s Mot. to Enforce Settlement at 1 (May 10, 2024). Further, Defendant argues that "even had the offer been accepted, a settlement would not have been consummated as the grounds for divorce were not discussed," which were "essential terms of the contract." Opp'n to Pl.'s Mot. to Enforce Settlement (May 10, 2024) (citing *Shann v. Dunk*, 84 F.3d 73, 78 n.3 (2d Cir. 1996), *Cent. Laborers' Pension Fund v. AEH Constr., Inc.*, No. CV 14-3052,.2015 WL 1539003, at *3 (C.D. ill. Mar. 31, 2015), *Mendel Kern, Inc. v. Workshop, Inc.*, 508 N.E.2d 853, 855 (1987)).

In their Reply, Plaintiff contends that Defendant is stating that they "refused the settlement offer thus extinguishing it. However, Defendant does not provide any evidence to support this refusal." Pl.'s Reply to Def.'s Opp'n to Mot. to Enforce Settlement at 1, (June 14, 2024). Further, Plaintiff points out that "the parties were still in settlement mode, going to settlement conferences with Judge Ingles" and "negotiations were ongoing." *Id.* at 2. Thus, "the matters being discussed were still on the table and nothing had formally been rejected." *Id.* at 3. Finally, Plaintiff argues that "the email string provided by Defendant clearly shows Defendant asked for grounds to be irreconcilable differences and Plaintiff agreed." *Id.* at 1. Thus, "at that point, the parties had a complete agreement to settling this divorce case." *Id.* at 4.

The email string referred to above contains the following relevant excerpts:

**COUNSEL FOR DEFENDANT on Jan. 3, 2024,** "He did say he would accept the terms. It's the grounds for divorce that he objected to. Is ur client unwilling to settle on irreconcilable differences?" Opp'n to Pl.'s Mot. to Enforce Settlement, "Exhibit A" at 6 (May 10, 2024).

**COUNSEL FOR PLAINTIFF on Jan. 22, 2024,** "To get this matter closed, my client is agreeable to irreconcilable differences if Mr. Romero will pay what was agreed upon and sign the decree by the end of the month. Please find attached the Stipulated Interlocutory Decree of Divorce with the revision as to the grounds of divorce for your client's review and signature. Your prompt attention and response to this matter is greatly appreciated." *Id.*

**COUNSEL FOR DEFENDANT on Jan. 22, 2024,** "Thanks, Jeff." *Id.* at 5.

**COUNSEL FOR PLAINTIFF on Jan. 31, 2024,** "Bill: Following up on the signed documents from your client. Thank you for your attention and prompt response to this matter." *Id.*

Plaintiff summarizes the email exchange, asserting that "Defendant requested that the grounds be irreconcilable differences and that was agreed to by Plaintiff." Pl.'s Reply to Def.'s Opp'n to Mot. to Enforce Settlement at 4, (June 14, 2024). Conversely, Defendant contends that "this email is not an unequivocal assertion that Defendant would accept grounds of irreconcilable differences, it is a query to Plaintiff's counsel as to his client's position. Accordingly, the email was not an offer which could be accepted." Opp'n to Pl.'s Mot. to Enforce Settlement. at 4 (May 10, 2024). However, whether or not these emails constitute an offer or acceptance, neither party acknowledges that there was a condition that was not met. Specifically, Plaintiff's condition that their client would "be agreeable to irreconcilable differences *if Mr. Romero will pay what was agreed upon and sign the decree by the end of the month.*" *Id.* at 6 (emphasis added). As far as this Court is aware, these conditions were not met.

Whether Plaintiff's conditional statement was an acceptance (as argued by Plaintiff) or perhaps a counteroffer (as implied by Defendant), Defendant never paid the allegedly agreed upon amount and signed the decree by the end of the month. Thus, a contract was not formed, because the required conditions were not met. "If a proposal prescribes any conditions concerning the communication of its acceptance, the proposer is not bound unless they are conformed to..." *National Union Fire Insurance Company of Pittsburgh, PA v. Cyfred, Ltd.* 2015 Guam 7 ¶ 40 citing 18 GCA §85318 (2005); *see also Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994) ("The offeror is the master of his offer... [He] is entitled to insist on a particular mode

of manifestation of assent.") (quoting Restatement (Second) of Contracts § 29 cmt. A (1981)).

Therefore, a settlement agreement was not properly entered into by the litigants in this case.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Plaintiff's Motion to Enforce Settlement Agreement.

A Status Hearing is set for _September 3, 2024 at 9:00am (via zoom)._

SO ORDERED, this ___2e___ day of ___August___ 2024.

_____

**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam

Zoom
Meeting ID: 218 542 2064
Passcode: JJCT